IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC G. WILLIAMS,

        Plaintiff,                  No. CIV S-08-2348 LKK EFB P

    vs.

DEPARTMENT OF MOTOR
VEHICLES, Director, et al.,

        Defendants.          ORDER

        Plaintiff was a state prisoner at the time that he filed this action pursuant to 42 U.S.C. § 1983. He has since been released. He proceeds without counsel and seeks leave to proceed *in forma pauperis*. He has also filed a motion to compel discovery. The case was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request for leave to proceed *in forma pauperis* is granted. However, the court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Here, for the reasons explained below, the complaint is dismissed with leave to amend and the motion to compel discovery is denied.

////

1

In screening the complaint under section 1915A(a), the court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[1]  28 U.S.C. § 1915A(b).

The complaint in this action is so prolix and obscure that the court cannot reasonably discharge its responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  This rule requires the pleader to set forth his averments in a simple, concise, and direct manner.[2]  The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved.  Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).

In determining whether the complaint states a claim for relief, the court will construe plaintiff's pleading liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000);  *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  But before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules.  *See McNeil v. United States*, 508 U.S. 106, 113  (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also, Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

---

[1] What is more, the court cannot require defendants to reply to such complaints without first determining plaintiff has a reasonable opportunity to prevail on the merits of his claims.  42 U.S.C. § 1997e(g).

[2] A party need only plead in terms that are sufficient to provide the necessary notice to his adversary, and evidentiary material supporting the general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process.  Wright & Miller § 1281 Rule 8 p. 519.

1    Plaintiff's complaint violates Rules 8(a) and 10(b) of the Federal Rules of Civil
2 Procedure.  Indeed, due to the confusing nature of the complaint the court is required to guess
3 who is being sued and for what.  If the pleading were served in its present form it would not give
4 defendants fair notice of the claims against them and their best guess about the nature of
5 plaintiff's complaint may be quite different than the court's. *See McHenry v. Renne*, 84 F.3d
6 1172, 1170-78 (9th Cir. 1996) (court should be able to read the complaint in minutes, not hours,
7 and may consider the rights of defendants to be free from costly and harassing litigation and
8 other litigants waiting their turns to have other matters resolved); *see also, Nevijel v. North Coast
9 Life Insurance Co.*, 651 F.2d 671, 674-75 (9th Cir. 1971); *Von Poppenheim v. Portland Boxing
10 & Wrestling Commission*, 442 F.2d 1047, 1049-50 (9th Cir. 1971).
11    Plaintiff need not identify the law that makes the alleged conduct wrong.  He may use his
12 own language to state, simply and directly, the wrong that has been committed and clearly
13 explain how each state actor identified as a defendant was involved and what relief plaintiff
14 requests of each defendant. *Jones v. Community Redevelopment Agency of the City of Los
15 Angeles*, 733 F.2d 646 (9th Cir. 1984);  *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).
16    Accordingly, if plaintiff wishes to continue this litigation he must file an amended
17 complaint.
18    Plaintiff's amended complaint must adhere to the following requirements:
19    A complaint must contain a caption including the name of the court and the names of all
20 parties.  Fed. R. Civ. P. 10(a).
21    More than one claim against a single defendant may be joined in the same action.  Fed.
22 R. Civ. P. 18(a).
23    Claims against different defendants may be joined in the same action only if the claims
24 arise from the same transactions or occurrences.  Fed. R. Civ. P. 20(a).
25    Each claim founded upon a separate transaction or occurrence must be set apart as a
26 "separate count."  Within each count, the circumstances that give rise to the claim must be

3

alleged in separate, numbered paragraphs.  Fed. R. Civ. P. 10(b).

These allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).

The amended complaint must be complete in itself without reference to plaintiff's original complaint.  Local Rule 15-220.

As noted above, plaintiff moves to compel discovery.  While a party may conduct investigation before defendants are served with process, discovery is a process in which all parties to an action may participate.  *See* Fed. R. Civ. P. 26-37.  Thus, plaintiff is not entitled to make discovery requests on any party or seek an order directing the production of discovery until after the party is served with process.  Accordingly, plaintiff's motion to compel discovery is premature.

A plaintiff pursuing a civil rights action without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice.  *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without

prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

     Accordingly, it hereby is ordered that:

     1. Plaintiff's request to proceed *in forma pauperis* is granted.

     2. Plaintiff's June 4, 2009, motion to compel discovery is denied as premature.

     3. Plaintiff's complaint is dismissed with leave to amend within 60 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in a recommendation the action be dismissed and, if warranted, that dismissal will be with prejudice.

Dated: October 6, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5